UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                       :

  UNITED STATES OF AMERICA,             :
                                                       :

                                                       :        24 Cr. 630 (LGS)
                    -against-             :
                                                        :        <u>ORDER</u>

  ANIL MATHEWS, RAHUL AGARWAL, AND  :
  KENNETH HARLAN,                    :
                                 Defendants.  :
-------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

**<u>Procedural History</u>**

      WHEREAS, at Defendant Harlan's first appearance and arraignment on August 7, 2025, time was excluded under the Speedy Trial Act on consent through September 5, 2025.  (Dkt. 13).

      WHEREAS, on August 12, 2025, Harlan and the Government jointly proposed a schedule for discovery and pretrial motions and proposed an initial conference to be held the week of March 23, 2026.  (Dkt. 19).  The Government requested, and Harlan consented to, an exclusion of time "through the date of the initial pretrial conference."  (*Id*.).  By endorsed order on August 14, 2025, the proposed schedule was adopted, the initial conference was scheduled for March 23, 2026, and time was excluded until that date.  (Dkt. 20).

      WHEREAS, on December 23 and 29, 2025, respectively, Harlan requested an extension of the motion date to March 16, 2026, which the Court granted but maintained the March 23, 2026, conference date.  (Dkts. 25 and 26).

      WHEREAS, on February 12, 2026, Harlan requested a second extension of the motion date to April 15, 2026, which the Court granted.  (Dkts. 29 and 30).  On March 17, 2026, the Court *sua sponte* adjourned the initial conference from March 23 to April 21, 2026.  (Dkt. 32).

No Speedy Trial exclusion was requested or ordered at that time.

WHEREAS, on April 3, 2026, Harlan filed a third request for an extension of the motion date to May 4, 2026, which the Court granted.  (Dkts. 34 and 36).

WHEREAS, on April 19, 2026, in anticipation of the April 21, 2026, conference, Harlan filed a letter stating that (1) he intends to exercise his Sixth Amendment right to a speedy trial and requests a trial date "as soon as the Court's schedule permits, ideally during the summer of 2026"; (2) he is prepared to file a motion to sever his trial from that of his two co-Defendants, one of whom (Mathews) is pending extradition from France, and the other of whom (Agarwal) is a fugitive and (3) he (Harlan) does not intend to file other pre-trial motions.  (Dkt. 37).  On April 20, 2026, the Government filed a response that, among other things, disputes Harlan's Speedy Trial computation, objects to a summer trial date and requests, to the extent necessary, an exclusion of time through the motion date of May 4, 2026, and a future conference to set a trial date.  (Dkt. 39).

WHEREAS, these matters were discussed at the April 21, 2026, conference including: Harlan's counsel stated that they intend to file a motion to sever on or before the May 4, 2026, motion date; the Government stated that it intends to obtain further information on the extradition status of co-Defendant Mathews; and the Court excluded time as set forth below.

**Speedy Trial Act**

WHEREAS, the Speedy Trial Act excludes time for "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."  18 U.S.C. § 3161(h)(6).  In this case, time is excludable for a "reasonable period of delay," including for the period between April 21, 2026, the date of the conference, and May 4, 2026, which is the deadline for Harlan to file his

2

severance motion.  That motion will trigger a separate exclusion for pending motions under 18 U.S.C. § 3161(h)(1)(D).

WHEREAS, "[i]n a multidefendant case, there is a single speedy trial clock, which begins to run with the clock of the most recently added defendant, and delay attributable to any one defendant is charged against the single clock, thus making the delay applicable to all defendants." *United States v. Sarcia*, No. 24-2423, 2026 WL 455709, at *1 (2d Cir. Feb. 18, 2026) (summary order).[1]  Thus, when some co-defendants are fugitives and have not been arraigned, the Speedy Trial clock is tolled as to all defendants until the absent defendants are severed from the case.  *United States v. Pena*, 793 F.2d 486, 489 (2d Cir. 1986).  Applying this principle to this case, the Speedy Trial clock has not yet begun to run.

**Sixth Amendment and Application**

WHEREAS, the Sixth Amendment states, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial."  U.S. Const. amend. VI.  Four factors are relevant to a Sixth Amendment speedy trial claim:  "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant."  *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *accord Sarcia*, 2026 WL 455709, at *4.

WHEREAS, "[t]he first factor, the length of delay, serves as a triggering mechanism that places a speedy trial violation on the table and requires [the Court] to balance the other factors. . . . Whether a delay is presumptively prejudicial is necessarily dependent upon the peculiar circumstances of the case."  *United States v. Black*, 918 F.3d 243, 254 (2d Cir. 2019). Here, the length of the delay is not presumptively prejudicial because the time between Harlan's

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

initial appearance in this case on August 7, 2025, and March 23, 2026, was excluded with his consent.  The next period between March 23, 2026, and the April 21, 2026, conference is only twenty-seven days.  "[T]he definition of presumptively prejudicial remains less than precise." *United States v. Ghailani*, 733 F.3d 29, 43 (2d Cir. 2013).  The Second Circuit has held that a delay of "eight months and fifteen days following indictment" did not violate a defendant's speedy trial rights.  *United States v. Sterling*, 763 F. App'x 63, 65 (2d Cir. 2019) (summary order).  "Depending on the nature of the charges, the lower courts have generally found postaccusation delay presumptively prejudicial at least as it approaches one year."  *Doggett v. United States*, 505 U.S. 647, 652 (1992); *cf. United States v. Tigano*, 880 F.3d 602, 612 (2d Cir. 2018) (holding that a period of nearly "seven years" of pretrial detention weighed heavily against the Government); *United States v. Santacruz*, No. 21 Cr. 754, 2022 WL 3701549, at *7 (S.D.N.Y. Aug. 26, 2022) (collecting cases and concluding that a seven-month delay since arrest falls "well short of being presumptively prejudicial").  Here, the approximately one-month delay following a consensual exclusion is not presumptively prejudicial.

WHEREAS, "[t]he second factor, the reason for the delay in bringing the defendant to trial, asks [the Court] to consider whether the delay was deliberate, neutral, or valid.  Even where the delay at issue is neutral, [the Court] must determine who bears responsibility for the delay." *Black*, 918 F.3d at 260.  Here, the reason for the delay is neutral and was largely consented to or caused by Harlan.  On August 12, 2025, only five days after his initial appearance, Harlan consented to an exclusion of time through March 23, 2026.  The stated reason for the exclusion was to "allow the Government to produce discovery and [to] allow Mr. Harlan to consider the discovery, his defenses, and any motions, and [to] allow for the Court's timely disposition of pretrial motions."  (Dkt. 20).  The motion deadline was set based on the parties' joint proposal

and then repeatedly extended at Harlan's request between the August 12, 2025, scheduling order and the current May 4, 2026, deadline.  Harlan's most recent submission first raised with the Court the prospect of his presenting expert testimony, entailing expert disclosures, a possible Government rebuttal expert and possible *Daubert* motions.  Harlan represented at the April 21, 2026, conference that he intends to file a motion to sever, which must be briefed and adjudicated. The Government is likely to oppose the motion, having stated at the conference a preference to try Defendants Harlan and Mathews jointly.

WHEREAS, the third *Barker* factor, "the defendant's assertion of his right," weighs in favor of Harlan's Sixth Amendment speedy trial claim because he asserted his speedy trial rights on April 19, 2026.  (Dkt. 37).  A defendant has a "responsibility to assert his right" to a speedy trial and the "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial."  *Barker*, 407 U.S. at 531-32; *accord Santacruz*, 2022 WL 3701549, at *8. "The defendant's assertion of his speedy trial right is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right."  *Tigano*, 880 F.3d at 617. Harlan "explicitly raised his speedy trial rights," *id.*, in the April 19, 2026, letter.

WHEREAS, "[t]he final *Barker* factor -- prejudice -- must be assessed in the context of the interests the Sixth Amendment protects, namely, (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and most seriously, (iii) to limit the possibility that the defense will be impaired."  *Sarcia*, 2026 WL 455709, at *5.  "While affirmative proof of particularized prejudice is not essential to every speedy trial claim, [the Second Circuit] generally ha[s] been reluctant to find a speedy trial violation in the absence of genuine prejudice, and [it has] generally required a showing of some significant trial-related disadvantage in order to establish a Sixth Amendment speedy-trial violation."  *Id.*  Genuine

prejudice is absent here.  Harlan is not in pretrial detention.  He has not argued that his defense will be impaired by a delay between a summer trial and a trial scheduled later in 2026.  It is hereby

ORDERED that, based on 18 U.S.C. § 3161(h)(6), the discussion above and the reasons stated at the April 21, 2026, conference, the time between the date of this Order through either (i) the date that all Defendants are in this district or (ii) a motion to sever both co-Defendants is granted, whichever is earlier, is excluded from the Speedy Trial Act calculation.  This order is without prejudice to modification upon the lapse of a "reasonable period of delay."  It is further

ORDERED that as soon as possible, and no later than **April 24, 2026**, the Government shall file a letter with any new information regarding the status of Defendant Mathews's extradition.  It is further

ORDERED that by **April 29, 2026**, the parties shall file a joint letter proposing a pre-trial schedule, including expert disclosure and discovery, and setting forth their mutual availability for a three-week trial on dates between September 2026 and the end of December 2026.

The Clerk of Court is respectfully directed to close the motion at Dkt. 39.

Dated: April 21, 2026
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

6