

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

May 15, 2026

**BY ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    **Re:**    ***United States v. Mathews et al.*, S1 24 Cr. 630 (LGS)**

Dear Judge Schofield:

The Government respectfully writes in response to the Court's Order of April 27, 2026, with a proposed pretrial schedule and trial date. With one exception noted below, the parties jointly propose the following pretrial schedule:

- Expert Disclosures: 12 weeks before trial
- Rebuttal Expert Disclosures: 10 weeks before trial
- [Advice/Presence of Counsel Disclosures: 10 weeks before trial][1]
- *Daubert* Motions: 8 weeks before trial
- *In Limine* Motions: 8 weeks before trial
- *Daubert* Oppositions: 5 weeks before trial
- *In Limine* Oppositions: 5 weeks before trial
- Joint Statement and proposed voir dire, requests to charge, and verdict sheet: 3 weeks before trial
- Exhibits Provided to the Court: 2 weeks before trial
- Final Pretrial Conference: 1 week before trial

The Government and defendant Kenneth Harlan are both available for a three-week trial commencing on September 21, 2026. Counsel for defendant Anil Mathews have tentatively agreed to the September 21 trial date. However, given that Mathews just arrived in the District two weeks ago, they request the opportunity to provide a further update to the Court on June 8, 2026. Accordingly, the parties respectfully request that the Court tentatively schedule trial in this matter to begin on September 21, 2026, and that counsel for defendant Mathews be permitted to advise the Court of Mathews's position on June 8, 2026.

---

[1] As set forth below, defendant Harlan opposes a deadline for advice/presence of counsel defense disclosures.

The only contested pretrial deadline relates to a possible advice-of-counsel defense. Harlan opposes the requested deadline for disclosures regarding any such defense unless the Government agrees to produce Jencks Act material ten weeks before trial. The Government is willing to meet and confer with defense counsel about a deadline for Section 3500 materials—as well as reciprocal Rule 26.2 materials and proposed stipulations—closer to the trial when there is a better sense of the total volume of materials.[2] But the timing of Section 3500 productions is unrelated to the defense's obligation to alert the Court and the Government if it intends to advance an advice-of-counsel defense.

The Court should order the defense to disclose ten weeks before trial whether either defendant intends to avail himself of any advice-of-counsel or presence-of-counsel defense to avoid predictable delay and rushed litigation. Harlan's advocacy thus far signals a high probably that he will advance such a defense at trial. In multiple meetings with the Government, both former and current counsel for Harlan have indicated that Harlan relied on advice of counsel. If Harlan takes that position at trial, additional discovery and motion practice will be required. Harlan thus far has refused to identify or provide the alleged legal advice that he received or even to provide the information that Harlan supposedly gave his company's attorney when he allegedly solicited legal advice, matters that settled law requires him to disclose. As Harlan's counsel contend that this information is not necessary to evaluate the defense and that the assertion of an advice of counsel defense does not amount to a waiver requiring disclosure of the communications, litigation on this subject appears highly likely.

---

[2] Although the Court has no authority to compel the production of § 3500 material before trial, *In re United States*, 834 F.2d 283, 287 (2d Cir. 1987) (granting mandamus and vacating order to produce early witness statements); *United States v. Hossain*, No. 19 Cr. 606 (SHS), 2020 WL 6874910, at *5 (S.D.N.Y. Nov. 23, 2020) ("courts lack power to compel pretrial production of Jencks Act material" (internal quotation marks omitted)); *United States v. Dupigny*, No.18 Cr. 528 (JMF), 2019 WL 2327697, at *4 (S.D.N.Y. May 30, 2019) ("to the extent these motions seek early disclosure of the Government's trial materials, including the statements of witnesses and victims, the motions are denied as frivolous"), the defense's demand for Section 3500 material ten weeks before trial is inconsistent with typical practice in this District in cases of a similar complexity and is not warranted based on the volume and nature of Section 3500 material here. *See, e.g.*, *United States v. Wey*, No. 15 Cr. 611 (AJN), 2017 WL 237651, at *23 (S.D.N.Y. Jan. 18, 2017) ("[I]t is a widely recognized customary practice in this District that *Giglio* material is turned over at the same time as material under the Jen[c]ks Act . . . . Both types of material are typically produced a week or two before the start of trial, depending on the complexity of the case." (internal quotation marks and citations omitted)). Notwithstanding the language of Section 3500 and uniform case law requiring the materials be produced after each witness's direct testimony, the Government intends to produce Section 3500 material two weeks prior to the start of trial and is amenable to discussing with defense counsel an alternative proposal as part of a set of reasonable mutual disclosures.

Precisely because discovery and litigation disputes inhere in advice-of-counsel issues, courts routinely order pretrial disclosures concerning advice of counsel defenses to avoid causing mid-trial delays. *See, e.g.*, *United States v. Schulte*, No. 17 Cr. 548 (PAC), 2020 WL 133620, at *6 (S.D.N.Y. Jan. 13, 2020) (requiring advanced advice of counsel disclosure); *United States v. Scali*, No. 16 Cr. 466 (NSR), 2018 WL 461441, at *8 (S.D.N.Y. Jan. 18, 2018) (defendant should have made pertinent disclosures in advance of trial); *United States v. Rubin/Chambers, Dunhill*, 828 F. Supp. 2d 698, 711 (S.D.N.Y. 2011) (requiring notification to the Government of advice-of-counsel defense sufficiently before pre-trial conference to permit litigation over disputes). The same is true for defenses based around the presence of counsel: notice is necessary because there is "palpable" risk when a defendant focuses on attorneys' presence or involvement "without any degree of specificity about what they were present for or involved in, what their tasks were, what exactly they knew, and what the defendant knew about what the lawyers knew and were doing." *United States v. Bankman-Fried*, No. S6 22 Cr. 673 (LAK), 2023 WL 6392718, at *3 (S.D.N.Y. Oct. 1, 2023) (requiring "sufficient notice" so as to permit the court to make rulings). The practical and logistical issues that require pretrial rulings include determining whether there is "evidence such that a reasonable juror could find that the defendant honestly and in good faith sought the advice of counsel, fully and honestly laid all the facts before his counsel, and in good faith and honestly followed counsel's advice." *United States v. Scully*, 877 F.3d 464, 476 (2d Cir. 2017) (citation omitted).

Putative advice of counsel defenses also routinely require production of discovery, a hearing, and privilege waivers. *See United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991). A defendant's "conversations with counsel regarding the legality of his schemes" are "directly relevant in determining the extent of his knowledge and, as a result, his intent." *Id.* Because conversations with counsel can reveal an absence of good faith or advice of counsel, "the attorney-client privilege cannot at once be used as a shield and a sword." *Id.* In other words, to assess whether a defendant truly acted in good faith, it becomes necessary to understand his communications with his attorney: did he fully and honestly lay out all the facts, did the attorney provide him information that would leave him to believe he was not acting lawfully, did he in good faith and honestly follow counsels' advice? For that reason, once a defendant raises a good faith or advice of counsel defense, "any communications or evidence defendants intend to use to establish the defense are subject to disclosure" as is "otherwise privileged communications that defendants do not intend to use at trial, but that are relevant to proving or undermining the advice-of-counsel defense." *United States v. Crowder*, 325 F. Supp. 3d 131, 138 (D.D.C. 2018).

And, where—as here—the relevant attorney-client privilege is likely controlled by a corporation, the Court may need to resolve whether the defendant can rely on evidence that is protected by a company's privilege. *See United States v. Milton*, 626 F. Supp. 3d 694, 702-03 (S.D.N.Y. 2022) (denying the defendant's constitutional claim that "privileged communications become discoverable simply because a defendant wishes to use those communications in his defense"). All of those issues are likely to manifest in this case.

Given the likely motion and discovery practice that will arise if defendant Harlan elects to advance an advice or presence of counsel defense, the Court should order the defense to notify the Government ten weeks before trial—two weeks before the *in limine* motions deadline—whether he intends to advance an advice or presence of counsel defense and, if so, to identify the documents that contain the advice and to describe the substance of any oral legal advice the defendant allegedly relied on. *See United States v. Charlie Javice, et al.*, 23 Cr. 251 (AKH), Dkt. 149 (S.D.N.Y.) (because "[a] disclosure is meaningless without content," the disclosure should include the approximate date and time of the alleged legal advice, "and if oral, the substance of the advice, or, if written, the documents upon which defendants relied."). These disclosures will allow sufficient time for the Government to evaluate the merits of a potential advice of counsel defense, seek appropriate relief from the Court in its motions *in limine*, and conduct necessary discovery.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: _____

Nicholas Chiuchiolo / Allison Nichols
Assistant United States Attorneys
Southern District of New York
Tel: (212) 637-1247 / 2366

Cc: All Counsel (via ECF and email)